IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES SECURITIES )
AND EXCHANGE COMMISSION, )
                                                                     )
        Plaintiff, )
                                                                     )
  v. )      No. 89 C 5942
                                                                     )
THOMAS F. QUINN, )
                                                                     )
        Defendant. )

## MEMORANDUM ORDER

Today (February 2, 2010) the Securities and Exchange Commission ("SEC") presented, pursuant to notice previously served upon defendant Thomas Quinn ("Quinn") and his Dallas, Texas counsel, a motion and supporting memorandum seeking a rule to show cause and an order of civil contempt against Quinn. That motion and memorandum stemmed from Quinn's total failure to satisfy any portion of his nearly $26 million obligation in disgorgement and prejudgment interest imposed by the May 2, 1994 order in this action.[1]

Although Quinn has primarily avoided (or more accurately evaded) payment of his obligation by staying out of the United States, he was arrested on unrelated fraud charges when he tried to enter this country on November 25, 2009. At this point he is in custody in Seagoville FCI, a federal correctional facility near Dallas, Texas, awaiting trial on those fraud charges.

---

[1] With the addition of post-judgment interest, Quinn's current indebtedness exceeds $56 million.

According to the SEC's counsel, a Magistrate Judge in Texas had originally entered a release order for Quinn, but that decision was reversed by the District Judge, so that Quinn has been held in custody there since about mid-December 2009.

What the SEC seeks in its motion and memorandum is the following relief:

> 1. an order for a rule to show cause why Quinn should not be held in civil contempt for his failure to pay the disgorgement ordered on May 2, 1994 and for his violations of the freeze order;
>
> 2. an order of civil contempt for his violations of this Court's May 2, 1994 order;
>
> 3. a finding of civil contempt for Quinn's violations of the freeze order imposed by this Court;
>
> 4. an order directing the Bureau of Prisons to transfer Quinn to the appropriate federal facility in Chicago, Illinois in the event that Quinn is to be released from custody in Texas for any reason; and
>
> 5. an order directing that Quinn remain incarcerated until he purges himself of his contempt.

At today's motion call local counsel, having been brought into the case by Quinn's Texas counsel, appeared on his behalf in response to the motion.

After hearing the submissions by counsel,[2] this Court set February 12 as the date for defense counsel to file a response to the SEC's motion, with a status hearing set for 9 a.m. February 18. To avoid any possibility of Quinn's flight in the

---

[2] Quinn's newly-retained local counsel were understandably not prepared to deal with the substance of the matter.

interim, this Court has ordered the issuance of a detainer to provide against the possibility that he might be released from his present custodial status in Texas. This Court's entire ruling, including issuance of the detainer order, was agreed to by Quinn's local counsel on his behalf.

                                                   /s/ Milton I. Shadur
                                                   Milton I. Shadur
                                                   Senior United States District Judge

Date:    February 2, 2010