IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SECURITIES AND EXCHANGE )
COMMISSION, )
 )
              Plaintiff, )
 )
      v. )    Case No. 89 C 5942
 )
**ARTHUR KIMMES**, et al., )
 )
              Defendants. )

## MEMORANDUM ORDER

On January 25 new counsel for defendant Thomas Quinn ("Quinn") presented for this Court's consideration a motion ("Motion") containing a "Request for Clarification" and seeking further relief as well. By definition that new counsel has no first-hand knowledge of Quinn's lengthy checkered background,[1] and regrettably counsel's presentation has also displayed very little vicarious knowledge of the reasons that Quinn has been subjected to long-standing findings of civil contempt in this litigation. But because another part of the Motion (notably its Paragraphs 22 through 26) has demonstrated to this Court an entitlement on Quinn's part to other relief, it ruled accordingly in a lengthy oral statement during the January 25 proceeding. In

---

[1] Some years ago, at about the midpoint of this quarter-century-old lawsuit, the Wall Street Journal ran an updated lengthy "Saturday Essay" devoted entirely to Quinn, headlined "The Last of the Golden Swindlers" and addressing what it characterized as "his five-decade criminal career," in which it characterized him as having "stolen an estimated $500 million." During the course of this litigation this Court has not of course predicated any of its rulings on that background, but it has considered it in evaluating the credibility (more accurately, the lack of credibility) of Quinn's representations in this action.

particular, that entitlement to current relief stems from the impossibility of this Court's determining with any degree of confidence whether or not Quinn has done everything of which he is reasonably capable to purge the existing civil contempt.

Although this memorandum order is necessarily far shorter than this Court's oral statement referred to in the preceding paragraph, it is intended to memorialize the ordering portion of that statement. Accordingly, taking all of the circumstances into account, this Court orders that:

1. Quinn's Motion as presented is denied -- no "clarification" of the type sought by counsel is either needed or warranted.

2. All existing civil contempt orders against Quinn are vacated. This order does not of course preclude plaintiff Securities and Exchange Commission ("SEC") from continuing its efforts to obtain further information as to any assets still owned or controlled by Quinn that should be made available to obtain the relief it has sought in this litigation.

3. Quinn is ordered to be released from the custody of the Bureau of Prisons ("Bureau") forthwith.

4. If the provisions of Paragraph 3 cannot be implemented immediately, the Bureau and the United States Marshals Service are ordered to grant Quinn a furlough forthwith so that he can attend the funeral of his just-deceased father.

5. At the oral request of the SEC's counsel present during the presentment of the Motion, said counsel having then confirmed that arrangements have previously been made for the imminent taking of Quinn's deposition

(those arrangements were agreed upon while Quinn was still in custody), Quinn's new counsel assured the SEC counsel and this Court during the January 25 hearing on the Motion that Quinn will comply with those plans at a very early date following his release from custody.

                                                          _____
                                                          Milton I. Shadur
                                                          Senior United States District Judge

Date: January 26, 2016